**Rosemary DEIDA, Plaintiff,**

v.

**CITY OF MILWAUKEE,
et al., Defendants.**

No. 01–C–0324.

United States District Court,
E.D. Wisconsin.

May 29, 2002.

Mathew D. Staver, Erik W. Stanley, Joel L. Oster, Liberty Counsel, Longwood, FL, for Plaintiff.

Rudolph M. Konrad, Stuart Mukamal, Milwaukee City Attorney's Office, Milwaukee, WI, for Defendant City of Milwaukee.

Thomas J. Balistreri, Wisconsin Department of Justice Office of the Attorney General, Madison, WI, for Defendant Governor, State of Wisconsin.

### *DECISION AND ORDER*

ADELMAN, District Judge.

On December 20, 2000, plaintiff Rosemary Deida received a citation from a City of Milwaukee police officer for placing religious literature in the windshield wipers of parked cars in violation of a city ordinance. The ordinance was based on and identical to Wis.Stat. § 346.94(4), which prohibits the placement of leaflets on cars except for certain approved leaflets concerning the parking rights of disabled drivers. Plain-

tiff brought suit against the City of Milwaukee, Governor Scott McCallum and Attorney General James E. Doyle alleging that the city ordinance and state law were facially unconstitutional under the Free Speech Clause of the First Amendment. Subsequently, plaintiff amended her complaint to add as defendants Milwaukee County District Attorney E. Michael McCann and Superintendent of the Wisconsin State Patrol Douglas L. Van Buren.

On December 10, 2001, I found that plaintiff had a reasonable likelihood of prevailing on the merits against the City because the ordinance imposed a content-based restriction on speech and failed to satisfy strict scrutiny. *Deida v. City of Milwaukee,* 176 F.Supp.2d 859 (E.D.Wis. 2001). Thus, I preliminarily enjoined the City from enforcing the ordinance. Subsequently, with the City's consent, the preliminary injunction was made permanent.

However, plaintiff's claims against the state officials remained. They argued that the claims against them should be dismissed based on sovereign immunity and lack of a justiciable case or controversy under Article III of the United States Constitution. On March 25, 2002, I determined that defendants McCann and Van Buren were not immune, and that plaintiff's claims against them were justiciable. *Deida v. City of Milwaukee,* 192 F.Supp.2d 899 (E.D.Wis.2002). However, I dismissed plaintiff's claims against defendants McCallum and Doyle.

Plaintiff then moved for summary judgment against the remaining state officials on the ground that § 346.94(4) was unconstitutional. At that point, their counsel conceded that the statute was unconstitutional, and that plaintiff was entitled to summary judgment. Thus, for the reasons stated in my decision addressing the constitutionality of the identically-worded City ordinance, *Deida,* 176 F.Supp.2d 859,

plaintiff's motion for summary judgment will be granted.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for summary judgment against defendants E. Michael McCann and Douglas L. Van Buren is **GRANTED.** The Clerk of Court is instructed to enter judgment declaring Wis.Stat. § 346.94(4) facially unconstitutional under the Free Speech Clause of the First Amendment.